On the Merits.
O’NIELL, J.
Plaintiff appeals from a judgment dismissing his suit on an exception of no cause of action.
He sued, as tutor of his minor children, for damages for personal injuries suffered by their mother, which ar^ alleged to have caused her death.
[4] The pertinent allegations of the petition are: (1) That the injuries which resulted in the woman’s death were caused by her falling to the sidewalk while walking near a side entrance to the St. Charles Hotel; (2) that the fall was caused by her stepping upon a loose and defective cover of a manhole, under which were wires and cables leading into the hotel and used for telephone, telegraph, electric light, and power service; (3) that the loose and defective condition of the manhole cover was apparent and was known or ought to have been known by defendant; (4) that defendant was guilty of gross negligence in failing to have the manhole cover repaired and maintained in a condition of safety to pedestrians.
It is not alleged that the defendant, St. Charles Hotel Company, was the owner or lessee of the St. Charles Hotel, or that defendant was in any way interested in tne establishment near the side door of which the accident is said to have occurred. The petition would not disclose a cause of action, however, if we should assume, from the name, that defendant was the owner or lessee or otherwise interested in the St. Charles Hotel ; for it would not even then appear that defendant was in any way responsible for the condition of the manhole or the cover over it. On the contrary, it may well be inferred from the allegations of the petition that the manhole was maintained for the convenience of either the municipal authorities or of some public service corporation or corporations, to reach the wires and cables under the sidewalk.
■Without an allegation showing that defendant was responsible for the condition of the manhole, the petition does not disclose a cause of action.
The judgment appealed from is affirmed at appellant’s cost.